The next matter on our calendar is United States v. Philip Muir. You may proceed. Good morning, Your Honors. My name is Karloff Cummings-Young, and I represent Philip Muir. There are two points that I'd just like to get across to the Court. And the first is that I believe that sentencing based on acquitted conduct undermines the role of the jury at trial,  You may be right, but the law is well settled the other way that it is admissible for these purposes, isn't it? I mean, we would have to overrule many cases in our circuit that say the contrary. Yes, that's true. You would have to overrule. The law is well settled. You would have to overrule many cases, Your Honors. But I believe that it's a concept that's worth looking at, that it's worth the Court's time to look at. But the underlying justification, however, for relying on acquitted conduct is the different standard of proof applied in a criminal case and in a sentencing. And that gives some intellectual heft to the argument that a district court is allowed to look at acquitted conduct in sentencing. And I think that what that does is it takes, if an individual, like in this case, is convicted of selling, is charged initially with a drug conspiracy, and then acquitted of that conspiracy, but then convicted of other charges in that indictment, he's acquitted of a crime, and then that crime transforms. It morphs into a sentencing factor at a later point during the criminal proceeding. And that issue that was already litigated, that was already decided by a jury, is now decided again by a judge. You would deal with a different standard of proof. That's the reason that the sentencing judge can look at this, because he doesn't have to find proof beyond a reasonable doubt, just preponderance of the evidence. That's crucial in this area of law, isn't it? That is crucial, and I believe that that's, when we look at that, that's part of the wrong here that I believe. I don't believe that an additional standard should be used to look at an issue that was already adjudicated. You may not believe it, but I think we are bound by our precedent in this circuit, which says the different standard of proof is dispositive. However, let me back up a second. I think one of the things that I did, just in sort of researching the issue, preparing the brief, and getting ready to come here, is look at a dissent that Justice Scalia wrote. One of the ideas that he sort of gets across is that either the Sixth Amendment means what it means and says what it says, or it doesn't. Either an individual charged with a crime has a right to be judged by an impartial jury, or an individual doesn't. The idea, the concept, that one can be acquitted of a crime and then have that entire crime looked at with using a different standard, a much lower standard by a judge is . . . I know it seems counterintuitive, and yet that's where we are with the decisions of this circuit and the Supreme Court. You're asking us for some very heavy lifting, Counsel. It's one thing to ask us, and we've talked about that earlier today, to ask us to rethink it and go to the entire court and say, gee, this was wrong. Let's fix it to our entire court. Unfortunately, we can't do that with respect to the Supreme Court. I suppose if you lose, you can appeal it to the Supreme Court and ask them to change the rule, but we can't change the Supreme Court's rule. Understood, and just one final point. I'm sorry, just one final point. Go on. Go on. When we look at one particular court case, when we look at Apprendi, I think that the gist, the thrust of that case was that . . . Is the finding . . . If a defendant is exposed to . . . Is a defendant exposed to a greater punishment than what was authorized by a jury's guilty verdict? And I think that if we're analyzing acquitted conduct from that point of view, I think that the decisions allowing acquitted conduct to be used at sentencing based on a preponderance of the evidence, I believe that to be wrong, and I will leave it at that. Can I . . . Can we pivot to the facts of this case? Let's assume that we're applying the preponderance standard. Given the testimony of Moore in particular, wouldn't that alone have given Judge Berman a basis to find, based on a preponderance, the requisite 280-plus grams of crack here? Yes, Your Honor, based on a preponderance of the evidence. So you're not arguing that Judge Berman misapplied the preponderance standard. You're arguing with the standard? Correct. Correct, Your Honor. Thank you. You have reserved . . . Have you? Three minutes for rebuttal. We'll hear from the government. Good morning, and may it please the Court. My name is Robert Allen. I represent the United States on appeal and tried the case below. The defendant's primary argument is that it's unconstitutional to consider acquitted conduct at sentencing. That argument is foreclosed by cases in this circuit. The Supreme Court precedent, as far as we know, has been adopted by no other circuit in this country. Although it does seem, at first blush, it does seem crazy. I disagree entirely, Your Honor. Tell me why. The standard for guilt at trial is beyond a reasonable doubt, and the standard for finding evidence at trial is a preponderance of the evidence. There are certainly situations where a jury might find that evidence was insufficient under the reasonable doubt standard, but that conduct might be easily provable by a preponderance standard. Here, for example, for whatever reason, the jury did not acquit on the B1A charge, the 280 grams charge, but there was a tremendous amount of evidence that Judge Berman properly found supported a higher weight. There are all kinds of reasons why the jury may not have convicted on the B1A. Much of the defense case and the defense arguments focused on . . . Should we understand that all I think that . . . I mean, it occurs to me and it occurs to your adversary, apparently, is that it seems odd to have the right of a trial by jury, have a jury say what was and wasn't proved beyond a reasonable doubt, and then have a judge say, yeah, same issue and find differently on it. It seems odd. It's counterintuitive. I'm not sure the cases are clear. I'm not sure there's anything more to be said about it. Your Honor, the cases are clear. Again, respectfully, I disagree that it's counterintuitive. A jury's determination is guilt as to the offense, obviously, but there are all kinds of considerations. It's very difficult for you to decide what's counter to my intuition, but go ahead. That I certainly will agree with, Your Honor. Thank you. Unless the court has any further questions, the government will rest on its submissions. Thank you. Thank you. Counsel, you have three minutes. I'll be much briefer than three minutes, Your Honor. Thank you. I just wanted to note that the government mentioned that there was a tremendous amount of evidence at trial. However, much of the tremendous evidence, the jury specifically rejected when it rendered its verdict. It's counterintuitive to me that the judgment of the jury hearing the evidence that was presented at trial can then be essentially overturned. I'm going to make the district court judge perspective on that here. Wouldn't the argument you're making effectively mean that a district judge at sentencing has to find any background fact, even if it wasn't before the jury, beyond a reasonable doubt? On your theory here, facts that were submitted to the jury are subject to a beyond a reasonable doubt standard at sentencing, and any other fact is subject to a preponderance standard. How does that make sense? That makes sense because what we're talking about is submitting an issue that was passed upon by the jury and decided in one direction, now being presented to a district court judge at sentencing and passed upon by the district court judge in another direction. Look, at sentencing, all day long, I'm asked to make a judgment about role in the offense. I'm asked to determine abuse of position of trust. I'm asked to make findings sometimes about criminal history and a whole host of other things. All of that is by a preponderance and constitutionally so. The fact that a jury applied a different standard to one of those questions and found it wanting provides a funny basis for the argument that that standard now gets elevated and a district court can't apply the usual preponderance standard to the same factual question. What's the normative basis for that? I fully understand the optical appearance that my colleagues have identified, but as a matter of system coherence, how do you justify applying a different standard to different species of sentencing fact? I thought about that. When a district court judge is making a decision with respect to role or essentially, just let me put it in a general bag, how a crime was committed, we're talking about the crime that the individual was convicted of. The individual was convicted of a particular crime and the district court judge is looking at how that individual committed that particular crime. With respect to criminal history, we're looking at crimes that have already been adjudicated. An individual has been rendered guilty of a misdemeanor in this state court or a felony in this federal court. We're using those convictions to determine, based on the preponderance of the evidence, how to sentence that individual in this particular situation. By your system construct, the government should, in some circumstances, refrain from charging the statutory enhancing fact to preserve its ability at sentencing to subject that fact to a lower standard of proof. Right? The government could conceivably do that, Your Honor. Government gets a second bite of the apple. This is the same counsel who tried the case and didn't get a conviction, but is allowed to bring the same evidence before the sentencing judge. There's something about it that seems not fair. I would agree, and that's the thrust of my argument, Your Honors. Although that's really not our job to decide anew this issue. We are bound, as you know, by precedent. Understood. Understood. And I will rest, Your Honors. Thank you. Thank you. Thank you both. The next two cases on our calendar are on submission, so I will ask the clerk to adjourn court. Court is adjourned.